IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| LIBERTY INSURANCE CORPORATION | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 17-2058 |
| TRACEE D. BARNES, | * | |
| Defendant. | * | |

******

**MEMORANDUM OPINION AND ORDER**

This Memorandum Opinion and Order address Plaintiff Liberty Insurance Corporation's Motion for Default Judgment, ECF No. 9. Defendant Tracee D. Barnes has not filed a response, and the time for doing so has passed. *See* Loc. R. 105.2.a. Pursuant to Local Rule 105.6, a hearing is not necessary. For the reasons stated herein, Plaintiff's Motion for Default Judgment is GRANTED.

**I.   BACKGROUND**

Plaintiff Liberty Insurance Corporation ("Liberty") is a corporation organized under the laws of the State of Illinois, with its principal place of business in the Commonwealth of Massachusetts. ECF No. 1 at ¶ 1. Defendant Tracee D. Barnes ("Barnes") is a citizen of the State of Maryland residing in Prince George's County, Maryland. *Id.* at ¶ 2. In 2008, Barnes purchased a house located at 2807 Lawina Road, Baltimore City, Maryland 21216 ("the Property"). *Id.* at ¶ 6.

On or about August 25, 2011, Defendant submitted an application for homeowners' insurance to Plaintiff. *Id.* at ¶ 7. Barnes represented on the application that the Property was her primary residence, and that no home day care or other business was conducted at the Property.

ECF No. 1 at ¶¶ 8–10. Relying on these representations, Liberty issued Barnes a homeowner's insurance policy for the Property ("Contract") on August 26, 2011. *Id.* at ¶ 11. Thereafter, Barnes and Liberty renewed the Contract every year, including August 26, 2016 through August 26, 2017, without any substantive changes regarding the Property's status as Barnes' residence. *Id.*; *see also* ECF No. 1-1. At all relevant times, the Contract provided coverage only for the "[i]nsured location" identified in the application as the Insured's "residence premises." *Id.* at ¶ 17; *see also* ECF No. 1-2 at 16.

On March 3, 2017, the Property was severely damaged by fire. *Id.* at ¶¶ 12, 20. Barnes subsequently submitted an insurance claim to Liberty for property damages. *Id.* at ¶ 13. While investigating Barnes' claims, Liberty learned for the first time that Barnes' primary residence was not the Property, but 8643 Johnson Avenue, Glenarden, Prince George's County, Maryland 20706. *Id.* at ¶ 15. Liberty also learned that from approximately 2008 and through the date of the fire, Barnes leased the Property to her business, Kozy Kottage, and used it as an assisted living facility. *Id.* at ¶¶ 14–16.

Liberty filed its Complaint to this Court on July 24, 2017, asserting diversity of citizenship jurisdiction. 28 U.S.C. § 1332. Barnes was timely served on October 5, 2017 at her home in Prince George's County. *See* ECF No. 6. Barnes did not answer the Complaint or otherwise respond, and on November 13, 2017, the Clerk issued an Order of Default pursuant to Rule 55 of the Federal Rules of Civil Procedure. ECF No. 8. Plaintiff moved for default judgment on January 8, 2018. ECF No. 9. Liberty requests a declaration that the Property was not Barnes' "[r]esidence premises," as required by the Contract, and therefore Liberty is not liable for any claims arising out of the March 3, 2017 fire. *See* ECF Nos. 1 & 9.

## II. DISCUSSION

Federal Rule of Civil Procedure 55(b) governs the entry of default judgments, which may be entered "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation," and the defendant is in default for failing to appear. Fed. R. Civ. P. 55(b)(1). For "all other cases," in which the sum is neither certain nor ascertainable through computation, Rule 55(b)(2) provides. "[T]he party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial— when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The entry of default judgment is a matter within the discretion of the Court. *SEC v. Lawbaugh*, 359 F. Supp. 2d 418, 421 (D. Md. 2005) (citing *Dow v. Jones*, 232 F. Supp. 2d 491, 494 (D. Md. 2002)).

Although "the Fourth Circuit has a 'strong policy that cases be decided on the merits,'" *Disney Enters. v. Delane*, 446 F. Supp. 2d 402, 405 (D. Md. 2006) (quoting *United States v. Shaffer Equip. Co.*, 11 F.3d 450, 453 (4th Cir. 1993)), "default judgment is available when the 'adversary process has been halted because of an essentially unresponsive party.' " *Id.* (quoting *Lawbaugh*, 359 F. Supp. 2d at 421). Default judgment is proper when a defendant is unresponsive. *See Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1987) (upholding a default judgment awarded where the defendant lost its summons and did not respond within the proper period); *Disney Enters.*, 446 F. Supp. 2d at 405–06 (finding appropriate the entry of default judgment where the defendant had been properly served with the complaint and did not respond, despite repeated attempts to contact him).

When considering a motion for default judgment, the Court takes as true all well-pleaded factual allegations in the complaint, other than those pertaining to damages. Fed. R. Civ. P. 8(b)(6); *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (citation and internal quotation marks omitted)); *see* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").

In the Fourth Circuit, district courts analyzing default judgments have applied the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), to determine whether allegations within the complaint are "well-pleaded." *See, e.g., Balt. Line Handling Co. v. Brophy,* 771 F. Supp. 2d 531, 544 (D.Md. 2011); *Russell v. Railey*, No. DKC-08-2468, 2012 WL 1190972 at *2–*3 (D. Md. Apr. 9, 2012); *U.S. v. Nazarian*, No. DKC-10-2962, 2011 WL 5149832 at *2–*3 (D. Md. Oct. 27, 2011). Where a complaint offers only "labels and conclusions" or "naked assertion[s] devoid of further factual enhancement," the allegations therein are not well-pleaded and, consistent with the Court's discretion to grant default judgment, relief should be denied. *See, e.g., Balt. Line Handling Co.,* 771 F. Supp. 2d at 544 (internal quotation marks omitted) ("The record lacks any specific allegations of fact that 'show' why those conclusions are warranted.").

### III.     ANALYSIS

A federal court sitting in diversity must apply the law of the state in which the court is located, including the forum state's choice of law rules. *Colgan Air, Inc. v. Raytheon Aircraft*

*Co.*, 507 F.3d 270, 275 (4th Cir.2007). For insurance contract disputes, Maryland follows the principle of *lex loci contractus*, which applies the law of where the contract was consummated. *Allstate Ins. Co. v. Hart*, 327 Md. 526, 611 (1992). For choice of law purposes, an insurance contract is made where "the last act is performed which makes the agreement a binding contract. Typically, this is where the policy is delivered and the premiums are paid." *Perini/Tompkins Joint Venture v. Ace American Ins. Co.*, 738 F.3d 95, 100 (4th Cir. 2013) (quoting *Sting Sec., Inc. v. First Mercury Syndicate, Inc.*, 791 F. Supp. 555, 558 (D. Md. 1992)). Here, Liberty urges the Court to apply Maryland law, and all relevant facts in this action took place in Maryland. *See* ECF Nos. 1, 1-1, 1-2, 9. The Court will thus apply Maryland law.

Maryland law requires that courts interpreting insurance contracts give its words "their customary and normal meaning." *See Shepard v. Keystone Ins. Co.*, 743 F. Supp. 429, 430 (D. Md. 1990); *see also Brotherhood Mut. Ins. Co. v. Carter*, 11-cv-1326-AW, 2012 WL 254018, at *2 (D. Md. Jan. 26, 2012). "It is the obligation of the insured to read and understand the terms of [her] insurance policy, unless the policy is so constructed that a reasonable man would not attempt to read it." *Id.* (citing *Croteau v. John Hancock Ins. Co.*, 123 N.H. 317 (1983)).

Here, the terms "residence premises" and "reside" are unambiguous as used in the Contract. The Contract makes clear that the "insured location" is Barnes' "residence premises," defined as the "one family dwelling . . . or [t]hat part of any other building[,] where you reside and which is shown as the 'residence premises' in the Declarations." *See* ECF Nos. 1 at ¶ 17, 1-1 & 1-2. Further, the term "reside," as used throughout the Contract, clearly refers to a property used for the insured's part or full-time personal occupancy. *Id.* This definition comports with the common understanding of the word, and courts have similarly interpreted such policy provisions. *See generally* ECF No. 1-2; *Shepard*, 743 F. Supp. at 430–34; *Slater v. State Farm*

*Fire & Casualty Co.*, 2011 WL 13176733, at *5–*6 (N.D. Ga. Jan. 28, 2011); *accord Allstate Ins. Co. v. Hancock*, No. JFM-15-963, 2016 WL 5339344, at *1 (D. Md. Mar. 18, 2016); *see also Residence*, Black's Law Dictionary (10th ed. 2014) (defining residence as "[t]he place where one actually lives, as distinguished from a domicile").

Takings the facts alleged in the Complaint as true, Barnes did not "reside" at the Property as required for policy coverage under the Contract. ECF No. 1 at ¶¶ 15–16, 19. Accordingly, the Property was not insured by the Contract, and Liberty cannot be held liable for claims arising thereunder. *See* ECF Nos. 1 & 1-2; *see also Shepard*, 743 F. Supp. at 430–32. Liberty's motion for declaratory judgment, therefore, is GRANTED.

## IV. CONCLUSION

Based on the foregoing, it is this 3rd day of April, 2018, by the United States District Court for the District of Maryland, ORDERED that:

1. Plaintiff LIBERTY MUTUAL INSURANCE COMPANY's Motion for Default Judgment BE, and the same hereby IS, GRANTED;

2. LIBERTY INSURANCE CORPORATION is not liable for any claims arising under the Contract with Defendant TRACEE D. BARNES for the Property at 2807 Lawina Road, Baltimore City, Maryland, 21216, because the Property was not Barnes' "residence premises" as required by the Contract;

3. The Clerk SHALL TRANSMIT copies of this Order to the Defendant and counsel for the Plaintiff and CLOSE this case.

| | |
|---|---|
| 04/03/2018 | /s/ |
| Date | Paula Xinis |
| | United States District Judge |